CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 2 6 2017

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:00cr00015 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROBERT WAYNE GRUBB, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Robert Wayne Grubb, a federal inmate, filed a motion and amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 318-month sentence following a guilty plea. Grubb asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA") because his predicate Virginia statutory burglary convictions and Virginia unlawful wounding conviction no longer support such a designation. The government filed a motion and amended motion to dismiss, and Grubb responded, making this matter ripe for disposition. I conclude that Grubb's petitions are untimely, and I grant the government's motions to dismiss.

I.

On July 19, 2000, a grand jury returned a fourteen-count Superseding Indictment against Grubb and various codefendants. Grubb was charged with: (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 ("Count One"); (2) four counts of possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 2 ("Counts Seven, Eight, Ten and Thirteen"); and three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) and 2 (Counts Nine, Eleven and Fourteen"). Grubb pleaded guilty, pursuant to a written plea agreement, to Count One: conspiracy to possess with intent to distribute cocaine base, Counts Seven and Eight: possession

of a firearm in connection with a drug trafficking offense, and Count Nine: being a felon in possession of a firearm. The government agreed to dismiss the remaining counts against him.

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that Grubb be designated an armed career criminal pursuant to the ACCA. (PSR ¶ 30, ECF No. 149.) The PSR did not specify on which prior convictions it relied to support the career criminal designation, but Grubb had two prior convictions for Virginia burglary, (Id. ¶¶ 36, 42), one prior conviction for rape, (Id. ¶ 38), and one prior conviction for unlawful wounding, (Id. ¶ 43), all of which could have served as predicate offenses at the time of his sentencing. Because of the armed career criminal designation, he faced a total offense level of 30 and a criminal history category of VI, resulting in a sentencing range of 168 to 210 months' incarceration on Counts One and Nine. (Id. ¶ 103.) However, the statutory mandatory minimum sentence he faced on Count Nine, as an armed career criminal, was 180 months' imprisonment, increasing his sentencing range to 180 to 210 months. For Counts Seven and Eight, the PSR noted that Grubb faced a statutory mandatory minimum sentence of 300 months (60 months on Count Seven and a consecutive 240 months on Count Eight). (Id. ¶ 102.)

On January 4, 2001, the government filed a motion for substantial assistance, requesting that Grubb receive a reduced sentence. (Id. ¶ 116.) On January 5, 2001, after finding Grubb to be an armed career criminal for purposes of Count Nine, I granted the government's motion for substantial assistance. Accordingly, I sentenced Grubb to 318 months imprisonment (12 months on Count One, 18 months on Count Nine, to run concurrently, and 60 months on Count Seven and 240 months on Count Eight, to run consecutive to Counts One and Nine, and each other).

Grubb appealed to the Fourth Circuit, arguing that I accepted his guilty plea and denied his motion to withdraw his guilty plea in error, and did not sentence him in accordance with the

guidelines. The Fourth Circuit affirmed Grubb's sentence, finding no error. United States v. Grubb, 28 F. App'x 223 (4th Cir. 2002). Grubb filed a § 2255 motion, alleging claims of ineffective assistance of counsel, among others. I granted the government's motion to dismiss after concluding that he did not raise any meritorious claims. (Opinion at 16, ECF No. 39, 7:03-cv-00236).

Grubb obtained authorization from the Fourth Circuit, and filed this successive § 2255 motion on June 27, 2016. He argues that following the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), his Virginia statutory burglary convictions as well as his conviction for unlawful wounding can no longer support his armed career criminal status under the ACCA. The court appointed the Federal Public Defender's Office to represent Grubb and it has provided briefing.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, because Grubb previously filed a § 2255 motion, he must establish that his current petition contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at § 2255(f)(2). Grubb bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

3

## III.

A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Grubb did not file within one year of his final judgment, which was entered in 2002, and so his claims are untimely under § 2255(f)(1). Nonetheless, Grubb argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Grubb's claims, and so his motion must be dismissed as untimely.

The Supreme Court, in Johnson, considered the constitutionality of a specific provision of the ACCA. Federal law prohibits a convicted felon from possessing firearms. 18 U.S.C. § 922(g). A defendant who violates this law is subject to a term of up to 120 months' imprisonment. 18 U.S.C. § 924(a)(2). However, when a defendant has three or more prior convictions for a "violent felony," as Grubb did, the ACCA increases his punishment to a

4

minimum of 180 months' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down for vagueness the "residual clause" in the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. However, the Johnson opinion did not affect the viability of the other clauses of the "violent felony" definition in the ACCA, including the "enumerated clause" that lists "burglary," among other crimes. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Grubb's two prior convictions for Virginia burglary were deemed predicate offenses under the enumerated crimes clause of the ACCA. Because I relied on the enumerated crimes clause, and not the residual clause, in determining that Grubb's two burglary convictions qualified as predicates offenses, Johnson is not implicated. As such, he cannot rely on 28 U.S.C. § 2255(f)(3) to make his otherwise time-barred motion, timely.[1] In addition, recent Supreme Court decisions such as Mathis v. United States, 136 S. Ct. 2243 (2016) and Descamps v. United States, 133 S. Ct. 2276 (2013), which do provide guidance for determining whether underlying convictions can constitute predicate offenses under the enumerated crimes clause of the ACCA, have not been made retroactively applicable for timeliness purposes on collateral review. See

---

[1] Because Grubb's burglary convictions remain viable predicate offenses after Johnson, the court need not address his claim that Johnson invalidated his unlawful wounding conviction.

5

Blackwell v. United States, No. 4:10cr12, 2016 WL 5849384 at *4, 2016 U.S. Dist. LEXIS 138839, *11 (W.D. Va. Oct. 6, 2016). Accordingly, "[p]etitioner's predicate offenses [for Virginia burglary] remain 'crimes of violence' in the wake of Johnson," and so his petition is time barred.[2] Id.; see also United States v. Deel, No. 2:03cr10017, 2016 WL 6471249 at *4, 2016 U.S. Dist. LEXIS 150927, *10 (W.D. Va. Nov. 1, 2016) (concluding that a § 2255 petition, in which the defendant challenged his armed career criminal status by asserting that his Virginia burglary convictions no longer qualified as predicate offenses after Johnson, was time barred because the court had relied on the enumerated crimes clause and so "Johnson d[id] not apply"). As such, Grubb fails to establish that his § 2255 motion relies on an applicable "new rule of constitutional law made retroactive on collateral review." 28 U.S.C. § 2255(h)(2).

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Grubb has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 26th day of January, 2017.

Senior United States District Judge

---

[2] In addition, I granted Grubb a reduction in sentence on Count Nine, and sentenced him only to an 18-month term of incarceration instead of a 180-month term, pursuant to the ACCA.